UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJ SINGH, | No. 2:25-cv-01610-DJC-SCR |
| Plaintiff, | |
| v. | ORDER |
| STEPHEN LIPWORTH, | |
| Defendant. | |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff filed a request for leave to proceed in forma pauperis ("IFP") and submitted a declaration averring that he is unable to pay the costs of this proceeding. *See* 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted. However, for the reasons provided below, the Court finds Plaintiff's complaint is legally deficient and will grant Plaintiff leave to file an amended complaint.

I. SCREENING

A.  Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil

1

1 | Procedure. The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-
2 | policies/current-rules-practice-procedure/federal-rules-civil-procedure.

3 |     Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and
4 | plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this
5 | court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled
6 | to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief
7 | sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly.
8 | Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in
9 | the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200),
10 | Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

11 |     A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
12 | *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the
13 | court will (1) accept as true all of the factual allegations contained in the complaint, unless they
14 | are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the
15 | plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von
16 | Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert.
17 | denied*, 564 U.S. 1037 (2011).

18 |     The court applies the same rules of construction in determining whether the complaint
19 | states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court
20 | must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must
21 | construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a
22 | less stringent standard than those drafted by lawyers. *Erickson*, 551 U.S. at 94. However, the
23 | court need not accept as true legal conclusions, even if cast as factual allegations. *See Moss v.
24 | U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). A formulaic recitation of the elements of
25 | a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,
26 | 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

27 |     To state a claim on which relief may be granted, the plaintiff must allege enough facts "to
28 | state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has

1  facial plausibility when the plaintiff pleads factual content that allows the court to draw the
2  reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at
3  678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity
4  to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v.*
5  *Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

6        B.      <u>The Complaint</u>

7        Plaintiff's complaint names one defendant, Stephen Lipworth. ECF No. 1 at 2. Plaintiff
8  alleges federal jurisdiction is based on diversity of citizenship. *Id.* at 3. Plaintiff asserts he is a
9  citizen of California and Lipworth is a citizen of Texas. *Id.* Plaintiff alleges, "Lipworth took
10 Singh's Properties, destroyed Singh's family and made Singh homeless." *Id.* at 4.

11       In the "Statement of Claim" portion of the form complaint, Plaintiff states that Lipworth
12 took a judgment against him, and then in 2010 took his family house. *Id.* at 4. Plaintiff claims
13 the family house was "taken based on the fraud that Raj Singh is Kaus Singh." *Id.* In the relief
14 requested portion of the complaint, Plaintiff asks for return of the house and $50 million in
15 damages.

16       C.      <u>Analysis</u>

17       Plaintiff's complaint contains a jurisdictional statement and seeks relief in monetary
18 damages. However, it does not comply with Rule 8 in that it does not contain a short and plain
19 statement showing that plaintiff is entitled to relief. Plaintiff's complaint does not contain clearly
20 delineated claims or causes of action. There is a mention of "fraud." However, claims of fraud
21 must be pled with particularity pursuant to Federal Rule of Civil Procedure 9(b). Rule 9(b)'s
22 particularity requirement applies to state law causes of action. *See Vess v. Ciba-Geigy Corp.*, 307
23 F.3d 1097, 1103 (9th Cir. 2003). This is true even where the Court's jurisdiction is based on
24 diversity. *Id.* ("We therefore reject [plaintiff's] argument that we should refuse to apply Rule 9(b)
25 to his state-law causes of action in this diversity case."). Even where fraud is not a necessary
26 element of a claim, if the claim is "grounded in fraud" or "sound[s] in fraud," the "pleading of the
27 claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Id.* at 1103-04.

28       Plaintiff's pleading of fraud is largely conclusory. In order to meet the heightened

pleading standard, "a party must state the particularity of the circumstances constituting fraud," meaning that the "pleading must identify the who, what, when, where, and how of the misconduct charged." *United States ex rel. Cafasso v. Gen. Dynamics*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal citations and quotation omitted). Plaintiff's complaint fails to meet this standard.

Plaintiff also complains that Lipworth "took a judgment" against him. To the extent Plaintiff seeks to challenge the state court judgment, this action may be barred by the *Rooker-Feldman* doctrine. Under the doctrine, "federal district courts lack subject matter jurisdiction over cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Miroth v. County of Trinity*, 136 F.4th 1141, 1144 (9th Cir. 2025) (internal citation and quotation omitted). Plaintiff does appear to complain of the judgment, but his allegations are sparse and unclear, and he states that "[a]nything based on Extrinsic Fraud can be set aside anytime." ECF No. 1 at 5. The *Rooker-Feldman* doctrine "does not bar subject matter jurisdiction when a federal plaintiff alleges a cause of action for extrinsic fraud on a state court and seeks to set aside a state court judgment obtained by that fraud." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1141 (9th Cir. 2004). However, Plaintiff's allegations of extrinsic fraud are conclusory. Conclusory allegations of extrinsic fraud are insufficient to invoke the exception to application of *Rooker-Feldman*. *See Beck v. Catanzarite Law Corp.*, 2023 WL 1999485, *7 (S.D. Cal. Feb. 14, 2023); *Williams v. City of Los Angeles*, 2023 WL 2899292, *9 (C.D. Cal. March 14, 2023).

Plaintiff's claim may also be time-barred. Plaintiff alleges that his house was taken in 2010. ECF No. 1 at 4. Plaintiff did not file this action until 15 years later. The statute of limitations for fraud in California is generally three years. *Britton v. Girardi*, 235 Cal.App.4th 721, 733-34 (Cal. Ct. App. 2015), citing Cal. Code Civ. Pro. § 338. Section 338(d) "effectively codifies the delayed discovery rule in connection with actions for fraud, providing that a cause of action for fraud 'is not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake'." *Britton*, 235 Cal.App.4th at 734. The allegations of fraud are too conclusory to ascertain at this point when Plaintiff discovered the facts allegedly

4

constituting fraud.

The Court concludes that Plaintiff fails to state a claim. Plaintiff has not pled fraud with particularity as required by Rule 9. However, it is not absolutely clear that leave to amend would be futile. Plaintiff is proceeding pro se and "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Rather than recommending dismissal of the action, the undersigned will provide Plaintiff an opportunity to amend the complaint to attempt to cure these defects.

## II.  AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must contain a short and plain statement of Plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the Court or the Defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint should contain specific allegations as to the actions of <u>each</u> named defendant rather than making conclusory allegations that the defendants collectively violated plaintiff's rights.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint

5

1  supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice &
2  Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an
3  original complaint, each claim and the involvement of each defendant must be sufficiently
4  alleged.

5      Plaintiff's amended complaint must address the issues set forth herein.  Plaintiff must
6  plead his allegations of fraud with particularity.  Plaintiff must identify the who, what, when,
7  where, and how of the conduct by Defendant that is alleged to be fraudulent.  Plaintiff should also
8  include any factual allegations demonstrating that this action is timely, or in support of an
9  argument that the statute of limitations was tolled.  !

## III.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. Plaintiff **shall have 30 days from the date of this order** to file an amended complaint that addresses the defects set forth above.  If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.
3. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: June 20, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE