UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJ SINGH,<br><br>        Plaintiff,<br><br>    v.<br><br>STEPHEN LIPWORTH,<br><br>        Defendant. | No. 2:25-cv-01610-DJC-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). The Court previously granted Plaintiff leave to proceed in forma pauperis and screened the complaint pursuant to 28 U.S.C. § 1915. Plaintiff has now filed a First Amended Complaint ("FAC"). The Court now recommends the FAC be dismissed without further leave to amend.

**I. Prior Screening Order**

In the prior screening order (ECF No. 3), the Court observed that the complaint alleged that the sole defendant, Lipworth, obtained a state court judgment against Plaintiff in 2010. Plaintiff alleged that judgment allowed Lipworth to take his family house, and alleged Lipworth took his properties, destroyed his family, and left him homeless. ECF No. 1 at 4.

The screening order informed Plaintiff that his complaint did not comply with Rule 8, and that to the extent he was alleging fraud it was not pled with particularity. ECF No. 3 at 3.

1

Plaintiff was also advised that to the extent he was complaining of the state court judgment his claims may be barred by the *Rooker-Feldman* doctrine. *Id.* at 4. The screening order also noted the claims appeared time-barred because Plaintiff complains of actions in 2010, fifteen years prior to the filing of this action. *Id.* at 4-5.

Plaintiff was instructed that if he filed an amended complaint, it must address the deficiencies set forth in the screening order. Specifically, the order stated: "Plaintiff must plead his allegations of fraud with particularity. Plaintiff must identify the who, what, when, where, and how of the conduct by Defendant that is alleged to be fraudulent. Plaintiff should also include any factual allegations demonstrating that this action is timely, or in support of an argument that the statute of limitations was tolled." ECF No. 3 at 6.

**II. The First Amended Complaint (FAC)**

Plaintiff's FAC names one defendant, Stephen Lipworth. ECF No. 4 at 2. Plaintiff alleges federal jurisdiction based on diversity of citizenship. *Id.* at 3. Plaintiff asserts he is a citizen of California and Lipworth is a citizen of Texas. *Id.* Plaintiff does not allege a specific amount in controversy, but instead states: "Lipworth took Singh's Properties, destroyed Singh's family and made Singh homeless." *Id.* at 4.

In the "Statement of Claim" portion of the form complaint, Plaintiff appears to argue why the *Rooker-Feldman* doctrine does not apply, rather than setting forth specific facts supporting his claim of fraud. *Id*. at 5. Plaintiff also alleges that "[i]n 2008 or so, Lipworth took this property by imposing illegal attorney fees and illegal assessments." *Id*. Plaintiff further contends that "[i]n 2010 Lipworth took on this property illegally." *Id*.

In the "Relief" portion of the FAC, Plaintiff states that "[a]nything based on Extrinsic Fraud can be set aside anytime." ECF No. 4 at 5. It thus appears Plaintiff is seeking to have this Court set aside the state court judgment. It also appears from the additional factual allegations that Plaintiff was not the owner of the property that he alleges was wrongfully taken. Instead, he alleges: "Lipworth fraudulently took 2 properties owned by Relatives of Raj Singh and illegally evicted Raj Singh and his family based on frauds …" ECF No. 4 at 7.

////

### III. Analysis

Plaintiff's FAC continues to fail to comply with the pleading requirements of Rules 8 and 9. It does not comply with Rule 8 in that it does not contain a short and plain statement showing that plaintiff is entitled to relief. Plaintiff's complaint does not set forth clearly delineated claims or causes of action. There are mentions of "fraud." However, claims of fraud must be pled with particularity pursuant to Federal Rule of Civil Procedure 9(b). Rule 9(b)'s particularity requirement applies to state law causes of action. *Vess v. Ciba-Geigy Corp.*, 307 F.3d 1097, 1103 (9th Cir. 2003). This is true even where the Court's jurisdiction is based on diversity. *Id.* ("We therefore reject [plaintiff's] argument that we should refuse to apply Rule 9(b) to his state-law causes of action in this diversity case."). Even where fraud is not a necessary element of a claim, if the claim is "grounded in fraud" or "sound[s] in fraud," the "pleading of the claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Id.* at 1103-04.

Plaintiff's pleading of fraud is largely conclusory. In order to meet the heightened pleading standard, "a party must state the particularity of the circumstances constituting fraud," meaning that the "pleading must identify the who, what, when, where, and how of the misconduct charged." *United States ex rel. Cafasso v. Gen. Dynamics*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal citations and quotation omitted). Plaintiff's FAC fails to meet this standard.

Plaintiff also complains that Lipworth "took a judgment" against him. To the extent Plaintiff seeks to challenge the state court judgment, the action would be barred by the *Rooker-Feldman* doctrine. Under the doctrine, "federal district courts lack subject matter jurisdiction over cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Miroth v. County of Trinity*, 136 F.4th 1141, 1144 (9th Cir. 2025) (internal citation and quotation omitted). Plaintiff does appear to seek to set aside the state court judgment, contending that "[a]nything based on Extrinsic Fraud can be set aside anytime." ECF No. 4 at 5. The *Rooker-Feldman* doctrine "does not bar subject matter jurisdiction when a federal plaintiff alleges a cause of action for extrinsic fraud on a state court and seeks to set aside a state court judgment obtained by that fraud." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1141 (9th Cir.

3

2004). However, Plaintiff's allegations of extrinsic fraud are conclusory. Plaintiff does not explain how Lipworth committed a fraud on the state court. Conclusory allegations of extrinsic fraud are insufficient to invoke the exception to application of the *Rooker-Feldman* doctrine. *See Beck v. Catanzarite Law Corp.*, 2023 WL 1999485, *7 (S.D. Cal. Feb. 14, 2023); *Williams v. City of Los Angeles*, 2023 WL 2899292, *9 (C.D. Cal. March 14, 2023).

Additionally, the Court takes notice that Plaintiff has previously challenged this judgment in state court. *See Singh v. Lipworth*, 227 Cal.App.4th 813 (2014). As described by the California Court of Appeal, in that case Singh "sued Lipworth alleging he used fraudulent representations to persuade the trial court in the prior case that Singh was hiding some properties from creditors and using different names." *Id.* at 816 (quotation omitted). "The trial court found Singh to be a vexatious litigant with no reasonable probability of prevailing in the litigation because the lawsuit amounted to an impermissible collateral attack on a prior final judgment and postjudgment orders." *Id.* The California Court of Appeal affirmed the judgment and awarded sanctions for bringing a frivolous appeal. *Id.* at 830.

Thus, Plaintiff has already unsuccessfully argued in state court that the judgment was obtained by fraud. An attack on a judgment cannot be sustained on the argument it was procured by fraudulent representations "when the charge of fraud has been rejected in previous litigations by the parties to the suit in which the judgment was rendered." *Heiser v. Woodruff*, 327 U.S. 726, 736 (1946); *see also Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (holding that *Rooker-Feldman* barred plaintiff's claims even though plaintiff alleged extrinsic fraud where the fraud claim had itself already been litigated in state court).

Plaintiff's FAC also does not address the timeliness issue identified in the prior screening order. Plaintiff complains of actions taken in 2008 and 2010. ECF No. 4 at 5. Plaintiff did not file this action until fifteen years later. The statute of limitations for fraud in California is generally three years. *See Britton v. Girardi*, 235 Cal.App.4th 721, 733-34 (Cal. Ct. App. 2015), citing Cal. Code Civ. Pro. § 338. Section 338(d) "effectively codifies the delayed discovery rule in connection with actions for fraud, providing that a cause of action for fraud 'is not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the

fraud or mistake.'" *Britton*, 235 Cal.App.4th at 734.  Plaintiff alleges that Lipworth imposed illegal attorney fees, illegal assessments, and obtained a judgment.  ECF No. 4 at 5.  All of these actions should have been ascertainable near the time they occurred, and Plaintiff was aware of the judgment as he alleges he was evicted based on the judgment.  Additionally, as discussed above, he previously challenged the judgment in state court more than a decade ago.

For all these reasons, Plaintiff fails to state a claim upon which relief can be granted.  Plaintiff's FAC suffers from the same defects as the original complaint.  Given that the Court previously allowed leave to amend, and the FAC contains the same pleading deficiencies and allegations of conduct more than 15 years ago, the Court concludes further leave to amend would be futile.  *See Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("when a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad").  In exercising its discretion to recommend denial of leave to amend, the Court has also considered that Plaintiff has been determined to be a vexatious litigant in both state court (as discussed above) and in federal bankruptcy court.  *See In re Singh*, 551 B.R. 54, 56 (Bankr. E.D. Cal. 2016) (upholding vexatious litigant pre-filing review order and stating Singh has filed "multiple meritless actions" and "repeatedly commenced actions" in both state and federal court "to use, and abuse, those courts against his adversaries").  The Court recommends the action be dismissed without further leave to amend.

IV.  **Conclusion**

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's FAC be dismissed without further leave to amend; and

2. The Clerk be directed to enter judgment and close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the

////

specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 5, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE